IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DAYSON JAMES EBLACAS, #A5021275, | ) ) ) ) ) ) ) ) ) ) ) ) | CIV. NO. 18-00376 DKW-RLP<br><br>ORDER DISMISSING COMPLAINT |
|---|---|---|
| Plaintiff, | | |
| vs. | | |
| GERALD AGBULOS, | | |
| Defendant. | | |

Pro se Plaintiff Dayson James Eblacas is incarcerated at the Oahu Community Correctional Center ("OCCC"). Eblacas alleges that Defendant Honolulu Police Department ("HPD") Officer Gerald Agbulos violated his federal civil rights and state laws or regulations when Agbulos shot him. *See* Compl., ECF No. 1, PageID #6-#9.

Eblacas' Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a) for failure to state a claim, with leave granted to amend on or before November 30, 2018.

## I. **STATUTORY SCREENING**

Because Eblacas is a prisoner proceeding in forma pauperis, who alleges claims against a government officer, the court conducts a pre-answer screening of his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *Byrd v. Phoenix*

*Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)).

Section 1915 screening involves the same standard of review as that under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under § 1915(e)(2)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening under § 1915A(b)). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) is read in conjunction with Rule 8(a). *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a complaint must allege enough facts to provide both "fair notice" of the claim asserted and

"the grounds upon which [that claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 555 (stating Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The "mere possibility of misconduct" falls short of meeting this standard. *Iqbal*, 556 U.S. at 555; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint to state a claim. *Lopez*, 203 F.3d at 1130.

## II. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also allege that he suffered a specific injury as a result of the defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

## A.     Rule 8[1]

Eblacas provides few details in support of his claims.  He states only that Officer Agbulos was in no immediate danger when he shot him, punched him twice in the face, and "yanked [him] out the window"  Compl., ECF No. 1, PageID #3-4.  He complains that Agbulos failed to say "HPD, freez," suggesting that this violated an HPD policy.  *Id.*, PageID #4.  Eblacas claims that Agbulos used excessive force, failed to follow unidentified "policy and procedures," and was a threat to his safety.  Eblacas is now paralyzed from the chest down.

Eblacas provides insufficient facts to give context to his claims and nudge them from the merely possible to plausible.  He does not state when and where this shooting occurred, explain what preceded or followed it, or even speculate as to why Officer Agbulos opened fire on him.  Eblacas does not say whether Agbulos was on or off duty when he shot him, whether the shooting occurred incident to an arrest or attempted escape, whether he was resisting such an arrest, or was completely without provocation.  Eblacas does not say whether he is awaiting trial for charges stemming from this incident, was charged and acquitted, was charged and convicted, or was never charged.  He also fails to explain whether Officer

---

[1]Eblacas' facts are accepted as true and construed in the light most favorable to him. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) ("*Nordstrom I*").

Agbulos was investigated for this shooting and the results of such investigation. That is, whether Agbulos, if charged, is awaiting trial, was convicted, or was acquitted of such charges. These details are necessary to determine whether Eblacas states a plausible claim for relief.

The Complaint fails to allege sufficient facts to allow the court to understand Eblacas' claims against Officer Agbulos. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To satisfy the requirements of Rule 8, a pleading must set forth a minimum factual or legal basis for each claim that is sufficient to give the defendant fair notice of what the plaintiff's claims are and the grounds on which they rest. While the court construes Eblacas' allegations liberally and affords him the benefit of any doubt, it will not speculate about Eblacas' claims, and has "no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). While Eblacas need not plead the legal basis for a claim, he must allege "simply, concisely, and directly events" that are sufficient to inform Agbulos of the "factual basis" of his claim or claims. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014).

Eblacas' Complaint fails to set forth a simple, concise, and direct statement of the events leading up to and following the alleged shooting and fails to comply with Rule 8's pleading standard. Eblacas therefore fails to state a plausible claim against Officer Agbulos, and his Complaint is DISMISSED with leave to amend.

**B.      Official Capacity Claims**

Eblacas also fails to state a claim against Agbulos as named in his official capacity. An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471–72 (1985); *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166.

Eblacas does not name HPD or the City and County of Honolulu ("Honolulu C&C") as Defendants. Nor can he do so on the facts alleged in the Complaint. A local government entity such as the HPD or the Honolulu C&C "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. Neither HPD nor the

Honolulu C&C may be held liable for the actions of an individual defendant unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91.

Eblacas alleges that Agbulos *violated* HPD policy and procedures. He does not allege that Agbulos was *following* an unconstitutional HPD policy or custom, nor does he identify the policy or procedure that was allegedly violated. Eblacas' damages claims against Agbulos in his official capacity fail to state a claim and are DISMISSED.

**C.    Fourth Amendment:  Excessive Force**

So that Eblacas can decide whether he can effectively amend his Complaint, the court provides the following legal standard. To the extent Eblacas alleges that Agbulos used excessive force against him during an arrest, these claims arise under the Fourth Amendment. The Fourth Amendment "guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person.'" *Graham v. Conner*, 490 U.S. 386, 394 (1989) (alterations in original).

These claims are "analyzed under the Fourth Amendment's 'objective reasonableness standard.'" *Saucier v. Katz*, 533 U.S. 194, 204 (2001) (citing *Graham*, 490 U.S. at 388). The "reasonableness" of an officer's actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. To determine whether an officer's use of force was "reasonable" under the Fourth Amendment "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Graham*, 490 U.S. at 396 (internal quotations omitted). This requires "careful attention to the facts and circumstances in each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* To determine whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. "[T]he most important factor under *Graham* is whether the suspect posed an immediate threat to the safety of the officers or others." *C.V.*

*v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016) (internal quotation marks omitted).

As noted, Eblacas fails to allege whether Agbulos' alleged use of force took place during his arrest or under other circumstances. He also fails to allege sufficient facts concerning the circumstances surrounding the shooting, or whether he was resisting arrest, later arrested, and for what crime or crimes. The court cannot, therefore, determine whether Eblacas states a claim under the Fourth Amendment or whether another constitutional provision applies.

**D.** ***Younger* Abstention**

Finally, it matters on screening whether Eblacas is awaiting trial or has been convicted and sentenced. If he is awaiting trial, the court may be required to abstain from adjudicating his claims under the "*Younger* Abstention Doctrine." *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (holding that a federal court is prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" warranting federal intervention); *see also Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (holding *Younger* abstention applies to damages actions). Under *Younger*, federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary

damages for constitutional violations arising from them. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).

*Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003). If these elements are present, the federal court may exercise jurisdiction only when state proceedings are conducted in bad faith or extraordinary circumstances exist. *Baffert*, 332 F.3d at 617.

*If* Eblacas is awaiting prosecution for charges stemming from an arrest connected to the shooting here, *Younger* abstention is likely required. Hawaii has an important interest in enforcing its criminal laws and maintaining the integrity of its criminal proceedings, *see Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987), and Eblacas can raise these constitutional claims in his criminal proceeding, where they may impact the guilt or penalty phase of trial. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (holding a district court should stay a civil trial to preserve a plaintiff's civil claims "related to rulings that will likely be made in a pending or anticipated criminal trial").

### III. LEAVE TO AMEND

Eblacas may file an amended complaint on or before November 30, 2018. If Eblacas elects to file an amended complaint, he must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

### IV. 28 U.S.C. § 1915(g)

If Eblacas fails to timely file an amended complaint, or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

11

United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V. CONCLUSION

(1) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). Eblacas may file an amended complaint on or before November 30, 2018 that cures the noted deficiencies in his pleading.

(2) Failure to file an amended complaint by November 30, 2018 may result in dismissal of this action without further notice for failure to state a claim and may result in a strike under 28 U.S.C. § 1915(g).

(3) The Clerk is DIRECTED to send Eblacas a prisoner civil rights complaint form so that he may comply with this Order.

IT IS SO ORDERED.

DATED: October 30, 2018 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

Dayson James Eblacas v. Gerald Agbulos; Civil No. 18-00376 DKW-RLP; **ORDER DISMISSING COMPLAINT**

Eblacas v. Agbulos, No. 1:18-cv-00376 DKW-RLP; scrng '18 Eblacas 18-376 dkw (excv force 4Amd HPD poss. Younger)