IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAYSON JAMES EBLACAS, #A5021275, | CIV. NO. 18-00376 DKW-RLP |
| Plaintiff, | ORDER DISMISSING COMPLAINT IN PART AND STAYING ACTION |
| vs. | |
| GERALD AGBULOS, HPD, | |
| Defendants. | |

Before the court is pro se Plaintiff Dayson James Eblacas' first amended complaint (FAC). ECF No. 6. Eblacas is awaiting trial in the Circuit Court of the First Circuit, State of Hawaii (circuit court), for Terroristic Threatening in the First Degree (HRS 707-716(1)(e); Unauthorized Control of a Propelled Vehicle (HRS 708-836); and Criminal Property Damage (HRS 708-821(1)(b)). *See State v. Eblacas*, CR No. 16-1-001936 (Haw. 1st Cir. Dec. 1, 2016), avail. at: www.courts.state.hi.us. (last visited Nov. 28, 2018).

Eblacas alleges that Defendants Honolulu Police Department ("HPD") and HPD Officer Gerald Agbulos violated his civil rights and HPD policies or

regulations when Agbulos allegedly used excessive force against him during his arrest. *See* FAC, ECF No. 5, PageID #31.

Eblacas' claims against HPD and Officer Agbulos in his official capacity are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Eblacas' claim for excessive force against Agbulos individually states a claim. Because Eblacas is awaiting trial regarding the incidents alleged in this suit that resulted in his arrest, and the circumstances of that shooting will be at issue in that trial, the court STAYS this action pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

## I. **STATUTORY SCREENING**

The Court must conduct a pre-answer screening of the FAC pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)).

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but a complaint must allege enough facts to provide both "fair notice" of the claim asserted and "the grounds upon which [that claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (stating Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint to state a claim. *Lopez*, 203 F.3d at 1130.

## II. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also allege that he suffered a specific injury as a result of the defendant's conduct and an

affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

## A. Eblacas' Fourth Amendment Claims[1]

On December 1, 2016, Eblacas was in the drive-in lane at the Mililani Burger King when he noticed someone, later identified as Officer Agbulos, approaching his truck from behind with a gun drawn. Because Agbulos and his partner were in plain clothes, Eblacas says that he did not recognize them as police officers. Fearing for his safety, Eblacas stepped on the gas to flee. Agbulos, who was allegedly located at the back, passenger side of Eblacas' truck, opened fire and struck Eblacas in the back, paralyzing him from the chest down. Agbulos ordered Eblacas to exit the truck. When Eblacas told Agbulos that he could not move, he says that Agbulos punched him in the face and dragged him through the truck's window to the ground.

Eblacas claims that, because he posed no threat to Agbulos or others, Agbulos violated his constitutional rights and HPD policy when he opened fire without warning. Agbulos disputes this, however, and claims that he opened fire

---

[1] For purposes of screening, Eblacas' facts are accepted as true and construed in the light most favorable to him. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) ("*Nordstrom I*").

4

because Eblacas tried to run him over. *See* FAC, ECF #6, PageID #31. Trial is scheduled to begin in the circuit court on or about December 17, 2018.

Claims alleging the use of excessive force during an arrest are "analyzed under the Fourth Amendment's 'objective reasonableness standard.'" *Saucier v. Katz*, 533 U.S. 194, 204 (2001) (citing *Graham v. Conner*, 490 U.S. 386, 388 (1989)). The "reasonableness" of an officer's actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. "[T]he most important factor under *Graham* is whether the suspect posed an immediate threat to the safety of the officers or others." *C.V. v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016) (internal quotation marks omitted).

Eblacas states a Fourth Amendment claim against Officer Agbulos for the use of excessive force.

**B.  HPD and Agbulos in his Official Capacity**

A local government entity, such as HPD, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. It is only "when execution of a government's policy or custom, whether made by its lawmakers or by those

whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. HPD cannot be held liable for Agbulos' alleged use of excessive force unless it "implement[ed] or execute[d] a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged unconstitutional action was made "pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91.

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471–72 (1985); *Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166.

The FAC alleges that Officer Agbulos *violated* HPD policy by opening fire when Eblacas posed no threat to him or others. Eblacas does not allege that Agbulos was *following* an unconstitutional HPD policy or custom, and therefore fails to state a claim against HPD or Agbulos in his official capacity, and these claims are again DISMISSED.

## C. *Younger* Abstention

Based on the facts alleged in the FAC, the Court must abstain from adjudicating Eblacas' claims under the "*Younger* Abstention Doctrine." *See Younger*, 401 U.S. at 43-54 (holding that a federal court is prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" warranting federal intervention); *see also Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (holding *Younger* abstention applies to damages actions). *Younger* directs federal courts to abstain from granting relief that would interfere with pending state or local criminal proceedings. *Gilbertson*, 381 F.3d at 968.

Under *Younger*, abstention is required if: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; (3) the state proceedings provide an adequate opportunity to raise federal questions; and (4) the federal court action would enjoin, or have the practical effect of enjoining, the state court. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007).

The first two factors are clearly met. Eblacas is awaiting prosecution on charges that were instituted before this action began that clearly stem from the incident at issue here, and Hawaii has an important interest in enforcing its

criminal laws, maintaining the integrity of its criminal proceedings, and protecting its citizens. *See Younger*, 401 U.S. at 43-44.

Further, Eblacas is represented by counsel in his state criminal proceeding. Based on the allegations in the FAC, this attorney will likely raise Agbulos' alleged use of excessive force as a defense to Eblacas' charges. That is, if the State produces evidence that Eblacas was trying to escape arrest or intentionally attempted to run Agbulos over (as Agbulos claims), Agbulos' alleged illegal use of excessive force will be raised, satisfying the third factor.

The fourth factor is met because allowing this case to proceed could unreasonably intrude on Eblacas' state criminal case. Whether Agbulos used excessive force against Eblacas will require a determination of whether Agbulos' actions were "objectively reasonable" in light of the circumstances he confronted on December 1, 2016 in Mililani, *see Graham*, 490 U.S. at 397, and whether Eblacas "posed an immediate threat to the safety of [Agbulos] or others," *C.V.*, 823 F.3d at 1255. These questions will no doubt be raised in the state criminal proceedings. Maintaining Eblacas' excessive force claim in this Court, while the related state criminal case is proceeding and the use of excessive force will likely be used as a defense, is precisely what *Younger* prohibits.

Finally, nothing within the FAC indicates that Eblacas' state proceedings are being conducted in bad faith or that any extraordinary circumstances exist.

Because Eblacas seeks damages only, this case must "be stayed until the state proceedings are completed." *Gilbertson*, 381 F.3d at 968; *accord Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 689-90 (9th Cir. 2009) ("[B]ecause in damages cases there may yet be something for the federal courts to decide after completion of the state proceedings . . . [t]he district court — quite appropriately — did not dismiss under *Younger* but stayed the proceedings pending the final decision of the California courts.").

Staying this action is consistent with *Wallace v. Kato*, 549 U.S. 384 (2007), which held that to preserve a plaintiff's civil claim "related to rulings that will likely be made in a pending or anticipated criminal trial," the district court has the power, "in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Id.* at 393-94. "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477 (1994),] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 394.

## III. CONCLUSION

(1)  Eblacas' claims against the Honolulu Police Department and Officer Gerald Agbulos in his official capacity fail to state a claim and are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2)  Eblacas' claim for excessive force against Officer Agbulos in his individual capacity states a claim and is STAYED.  Eblacas SHALL report to the court within **thirty [30]** days after the conclusion of his criminal proceedings in *State v. Eblacas*, CR No. 16-1-001936, which includes the conclusion of direct review on appeal.  At that time, Eblacas SHALL NOTIFY the Court of the outcome of his criminal proceeding and declare whether or not he intends to proceed with this action.  If there is no longer a need to abstain, or dismiss the claim under *Heck v. Humphrey*, the Court will reopen this action.

///

///

///

(3)  The Clerk of Court is DIRECTED to note that this suit is STAYED and to administratively close this action.

IT IS SO ORDERED.

DATED: November 28, 2018 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Dayson James Eblacas v Gerald Agbulos et al.*; Civil No. 18-00376 DKW-RLP; **ORDER DISMISSING COMPLAINT IN PART AND STAYING ACTION**

*Eblacas v. Agbulos*, No. 1:18-cv-00376 DKW-RLP; scrng '18 Eblacas 18-376  dkw (FAC dsm prt, STAY excv force *Younger*)