IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DAYSON JAMES EBLACAS, | ) | CIVIL NO. 18-00376 DKW-WRP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO |
| vs. | ) | DISMISS ACTION WITHOUT |
| | ) | PREJUDICE |
| | ) | |
| GERALD AGBULOS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE

On February 23, 2022 the District Court reopened this action after it had been stayed for a number of years pending the completion of Plaintiff's state criminal proceeding.  See ECF No. 9.  On February 28, 2022, this Court instructed Plaintiff to serve the First Amended Complaint on Defendant Gerald Agbulos, warning Plaintiff at that time that failure to effect service may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 4(m).  See ECF No. 11. The Court also directed the Clerk's Office to issue a Summons including relevant information available to the Clerk, and to send Plaintiff the Summons, a copy of the First Amended Complaint, and a Civil Waiver of Service Packet.  See id.

In response to correspondence from Plaintiff indicating he could not serve the First Amended Complaint on Defendant because he did not have Defendant's address, see ECF No. 14, this Court reminded Plaintiff on April 22, 2022 that he was responsible for having the Summons and First Amended Complaint served within the time allowed, and directed the Clerk's Office to resend the Civil Waiver of Service Packet to Plaintiff, also including additional instructions regarding those documents, see ECF No. 15.

On June 2, 2022, this Court denied without prejudice Plaintiff's motion requesting that the U.S. Marshals Service serve the First Amended Complaint because Plaintiff was not proceeding in forma pauperis, had not alleged his financial situation had changed, and had not explained how he attempted to serve the First Amended Complaint or why a Court order was necessary to accomplish service. See ECF Nos. 16, 17.

On July 18, 2022, this Court issued an Entering Order noting that 140 days had passed since the Court instructed Plaintiff to serve the First Amended Complaint and that no proof of service or waiver of service had been filed. See ECF No. 18. Pursuant to Rule 4(m), the Court therefore notified Plaintiff that he must serve or show good cause for the failure to serve the First Amended Complaint and Summons on Defendant within thirty days of that Entering Order. See id. The Court again warned Plaintiff that failure to do so may result in

dismissal of this action for failure to prosecute or otherwise follow a Court order. See id.

More than thirty days have passed since the Court issued that Entering Order; however, Plaintiff has not filed a proof of service or waiver of service. Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff must serve a defendant within 90 days after a complaint is filed. See Fed. R. Civ. P. 4(m). If a defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. See id. Where a plaintiff does not show good cause for failing to timely serve a defendant, the district court has discretion under Rule 4(m) to dismiss without prejudice the claims against that defendant. See In re Sheehan, 253 F.3d at 512-13.

To determine whether to dismiss a case for lack of prosecution or failure to comply with a court order, the court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The Court finds these factors weigh in favor of dismissal here notwithstanding the policy favoring disposition of cases on their merits, particularly because this action was reopened in February 2022 and the Court has repeatedly warned Plaintiff that he is responsible for effecting service and that the failure to do so could result in dismissal of this action. Accordingly, the Court FINDS AND RECOMMENDS that this case be dismissed without prejudice for failure to serve Defendant.

## CONCLUSION

For the reasons stated herein, the Court FINDS AND RECOMMENDS that this action be DISMISSED without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 29, 2022.



Wes Reber Porter
United States Magistrate Judge

**EBLACAS v. AGBULOS; CIVIL NO. 18-00376 DKW-WRP; FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE**